# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT BOWLING GREEN

**MARCUS J. LAWRENCE SR.**                                                                 **PLAINTIFF**

**v.**                                                       **CIVIL ACTION NO. 1:15CV-P11-GNS**

**JOHN B. BROWN** *et al.*                                                                **DEFENDANTS**

### MEMORANDUM OPINION

Plaintiff Marcus J. Lawrence Sr. initiated this *pro se* action by filing a document styled "JUDICIAL MISCONDUCT, NEGLIGENCE & LEGAL MALPRACTICE COMPLAINT."

Rule 12(h)(3) of the Federal Rules of Civil Procedure provides, "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." For the reasons that follow, the Court will dismiss the action for lack of subject-matter jurisdiction.

### I.

Plaintiff sues Warren County District Court Judges John B. Brown, Brent J. Potter, and Catherine R. Holderfield; Warren County Chief Circuit Judge John R. Grise; Warren County Circuit Judge Steve A. Wilson; Warren County Judge Executive Michael D. Buchanon; Warren County Master Commissioner David F. Broderick; Kentucky Court of Appeals Chief Judge Glenn E. Acree; Kentucky Supreme Court Chief Justice John D. Minton; the Honorable Senior District Judge Thomas B. Russell; and Kentucky Governor Steven L. Beshear.

Plaintiff claims as follows:

> After Illegally arrested from a Fourth Amendment violation [] Officers beat, choked, kicked & tased me while handcuffed eleven times directly in front of a recording camera that was recording years before this event began. Since this event at least a hundred more officers employed by the State of Kentucky & the Commonwealth have joined this conspiracy and comitted criminal acts of retaliation willfully with intent to injure me. OBJECTION!

> The Judges have allowed & protected every police officer, jail deputy & correctional officer who criminally assaulted me on camera. These judges have knowingly allowed these officers to comit violent crimes against me and withhold & destroy all material & physical evidence as retaliation. These judges total refusal to apply discovery sanctions for the spoliation of materal & physical evidence is exactly whats a violation of my right to a fair trial & due process. There is no reason to fault the officers because they criminally assault, torture and comit hate crimes, robbery and extortion, comit perjury, cheat, steal & kill on camera, because these judges allow them too. OBJECTION!

As relief, Plaintiff seeks compensatory, punitive, personal injury, and nominal damages; the recorded videotape of the officers tasing him; and injunctive and declaratory relief "by immediate release from this illegal imprisonment & the expungal of all records with extreme prejudice without Delay,"

**II.**

*Pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). However, "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted). Additionally, this Court is not required to create a claim for Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a pro se plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

It is axiomatic that federal district courts are courts of limited jurisdiction, and their powers are enumerated in Article III of the Constitution. *Kokkonen v. Guardian Life Ins. Co. of*

*Am.*, 511 U.S. 375, 377 (1994); *Hudson v. Coleman*, 347 F.3d 138, 141 (6th Cir. 2003) ("[I]t is well established that federal courts are courts of limited jurisdiction, possessing only that power authorized by the Constitution and statute."). "Jurisdiction defines the contours of the authority of courts to hear and decide cases, and, in so doing, it dictates the scope of the judiciary's influence." *Douglas v. E.G. Baldwin & Assoc. Inc.*, 150 F.3d 604, 606 (6th Cir. 1998), *overruled on other grounds by Cobb v. Contract Transp., Inc.*, 452 F.3d 543, 548-49 (6th Cir. 2006). Moreover, federal courts have an independent duty to determine whether they have jurisdiction and to "police the boundaries of their own jurisdiction." *Douglas*, 150 F.3d at 607 (citing *Ebrahimi v. City of Huntsville Bd. of Educ.*, 114 F.3d 162, 165 (11th Cir. 1997)).

The party who seeks to invoke a federal district court's jurisdiction bears the burden of establishing the court's authority to hear the case. *Kokkonen*, 511 U.S. at 377. There are two ways a federal district court may have jurisdiction over a case. *Douglas*, 150 F.3d at 607. The first is through federal-question jurisdiction under 28 U.S.C. § 1331, and the second is through diversity jurisdiction under 28 U.S.C. § 1332.

Under the federal-question statute, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Plaintiff does not specify any cause of action arising under the Constitution, laws, or treaties of the United States. While Plaintiff asserts federal constitutional violations in his complaint, the Court will not construe his complaint as one pursuant to 42 U.S.C. § 1983. This is because Plaintiff advises in a cover letter enclosing this and several other complaints filed on the same day, that "[t]hese civil actions are not Title 42 § 1983 complaints and are not to be filed as one. I am not interested in filing a 1983 complaint against these defendants" (DN 1-6). Plaintiff, therefore, fails to establish this Court's federal-question jurisdiction.

3

Under 28 U.S.C. § 1332, "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between . . . citizens of different states. . . . " Plaintiff is asserting state-law claims in his complaint. Diversity jurisdiction does not exist under § 1332, however, because Plaintiff does not indicate that he and Defendants are diverse in citizenship. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978) ("[D]iversity jurisdiction does not exist unless *each* defendant is a citizen of a different State from *each* plaintiff.").

For the foregoing reasons, the Court will dismiss the action by separate Order under Rule 12(h)(3) for lack of subject-matter jurisdiction.

Date: April 9, 2015

Greg N. Stivers, Judge
United States District Court

cc: Plaintiff, *pro se*
     Defendants
4416.005